In re CONSERVATORSHIP OF
Hjalmar Carl J. GRUNLUND,
Conservatee.

No. C1–87–256.

Court of Appeals of Minnesota.

June 16, 1987.

John M. Lund, Lund & Lund, Minneapolis, for appellant Conservatee.

Kris L. Maser, Maser & Amundson, P.A., Edina, for respondent George C. Swanbeck.

Considered and decided by LANSING, P.J., HUSPENI, and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

After hearing objections from the conservatee, Hjalmar Grunlund, the probate court adopted a referee's recommendation to allow the conservator, George Swanbeck's, fourth annual accounting in its entirety. On appeal Grunlund argues that the probate court erred in finding the attorney's fees listed in the accounts were reasonable and in finding that Swanbeck had not improperly handled certain personal property of Grunlund's. We affirm.

## FACTS

In September 1980, appellant Hjalmar Grunlund petitioned for the appointment of respondent, his cousin George Swanbeck, as conservator of his person and estate. Grunlund also petitioned to have Swanbeck appointed as guardian of his wife, Minnie Grunlund.

Following his appointment, Swanbeck filed an accounting each year. The accounts for the first three years were allowed without objection, after notice of hearing and after a copy of the account was forwarded to Grunlund.

Grunlund advised the court of his objections to the fourth annual account which covered the period from October 2, 1983 to October 2, 1984. The court appointed an attorney to represent Grunlund. A hear-

142

ing was held in August 1985, at which both Grunlund and Swanbeck testified. By the time of the hearing, several of Grunlund's objections had been resolved. However, he still objected to the attorney's fees paid out over all four accounting periods and questioned the disposition of his personal property.

Grunlund did not specifically accuse Swanbeck himself of mishandling his personal property. Grunlund's objection was based on an inventory he had made of his personal property in 1959. In 1980 Grunlund retained a Mr. Stockton to arrange a sale of his personal property. After the sale, when Grunlund compared his 1959 inventory to Stockton's list of items sold, he claimed there were several items missing from Stockton's list. Grunlund also questioned the whereabouts of two boxes of personal property that had been taken from the nursing home where Grunlund's wife resided before she died. There was speculation that perhaps these boxes had been stored at Grunlund's cottage which had been vandalized. Swanbeck stated that everything received from Mrs. Grunlund's nursing home was turned over to Mr. Grunlund.

Grunlund also objected to the attorney's fees paid out over the last four accounting periods. The fees over the four years totaled approximately $3,500. The services rendered for these fees included preparing an estate plan, answering Grunlund's phone calls and preparing the annual statements of the conservatorship. The fees for the fourth accounting period were approximately $385. Grunlund argued that the fee for the estate plan was particularly excessive considering he was 92 years old and owned very little property. At the hearing, Grunlund's attorney stated that the pleadings did not seek to set aside the attorney's fees from accounts already allowed. He said there was nothing "inordinate or excessive" about the fees.

Swanbeck testified that he had never taken a fee for serving as conservator to Grunlund. Swanbeck acknowledged that his relationship with Grunlund over the past two years had been strained and that he had asked to be discharged as conservator.

The trial court allowed the fourth annual accounting in its entirety. The trial court found that the attorney's fees for all four accounting periods were reasonable charges under the circumstances. Regarding the claims of missing personal property, the trial court found there was insufficient evidence to show that the items were ever in Swanbeck's possession or that he benefited by handling the items. The trial court concluded:

Mr. Grunlund is a very remarkable person in view of his advanced years but this does not mean that he is legally correct and that the conservator Mr. Swanbeck should be held personally liable on any of these accounts based on unsubstantiated claims.

Mr. Grunlund, through his court appointed attorney, has appealed the trial court's order. However, in a letter to Mr. Grunlund and filed with the court, his attorney indicated:

I met with you and advised you that I did not think you had a valid or meritorious appeal.

### ISSUE

Did the trial court err in allowing the conservator's fourth annual accounting in its entirety?

### ANALYSIS

The objections in this case were directed specifically at the fourth accounting period. However, the trial court stated:

It should be noted that these objections related to matters covered in the previous orders of this Court allowing the amended first and the second and third annual accounts. Said orders were final as no appeal was taken from them, but out of consideration to Mr. Grunlund, he was permitted to inquire of the conservator concerning matters that were previously allowed by the Court.

As the trial court properly observed, the only accounting properly before the court was the fourth annual accounting. *See*

*Rickel v. Peck,* 211 Minn. 576, 585, 2 N.W.2d 140, 145 (1942) ("the statutes intend that there should be final consideration and determination of intermediate the same as final accounts"). However, because the issues from past accountings were fully addressed below without objection, we will also consider them on appeal.

■ The trial court found there was insufficient evidence to show Swanbeck ever had possession of the personal property Grunlund claimed was missing. A probate court's findings of fact are not to be set aside unless they are clearly erroneous. *In re Conservatorship of Mansur,* 367 N.W.2d 550, 552 (Minn.Ct.App.), *pet. for rev. denied,* (Minn. July 11, 1985). Upon a careful review of the record, we cannot conclude that the trial court was clearly erroneous. While Grunlund raised questions as to the location of some of his personal property, he offered no evidence to show Swanbeck was responsible for the property or its disappearance.

■ We also agree with the trial court that the attorney's fees charged to the conservatorship over the first four accounting periods were reasonable. Grunlund's own attorney conceded at the hearing that these fees did not appear unreasonable, and Grunlund has presented no evidence that would call the fees into question.

### DECISION

The trial court properly allowed the accounting in its entirety.

Affirmed.